# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Jessica Dellarussiani,** *et al.***,**

    **Plaintiffs,**

**v.**

    Case No. 2:07-CV-00253
    **JUDGE SMITH**
    **Magistrate Judge Abel**

**Ed Donnelly Enterprises, Inc.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

Plaintiffs brought this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and state law claims under O.R.C. Chapters 4111 and 4113. On May 24, 2007, shortly after Plaintiffs filed their complaint, Defendants served an offer of judgment, which contained an offer satisfying all of the relief Plaintiffs sought in their complaint. Upon Plaintiffs' rejection of the offer, Defendants filed a motion to dismiss and for summary judgment. The Court granted Defendants' motion for summary judgment with respect to Count Three of the Complaint and granted Defendants' motion to dismiss with respect to Counts One and Two of the Complaint, holding that the Rule 68 offer of judgment effectively moots the case. Judgment was entered in favor of Plaintiffs in accordance with Defendants' May 24, 2007 Rule 68 Offer of Judgment (Doc. 25). This included an award of attorneys' fees and costs incurred in prosecuting Counts One and Two. The parties were unable to stipulate to the amount of reasonable attorneys' fees. Consequently, this matter is currently before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (Doc. 26). For the reasons that follow,

Plaintiffs are awarded attorneys' fees and costs in the amount of $6024.94.

## I. FACTUAL BACKGROUND

Plaintiffs Jessica Dellarussiani, Derrick Kinchen, Chad Larson, Jill Puff, Debbie Brunke, and Nathan Buscher (collectively "Plaintiffs") are former employees of two McDonald's facilities in Bellefontaine. Defendants Ed Donnelly and Ed Donnelly Enterprises, Inc. ("Defendants") owned and operated the at-issue McDonald's facilities.

Plaintiffs allege that, while working for Defendants, they were not paid all of the regular wages and overtime pay they were due under federal and Ohio law. Plaintiffs originally opted in as plaintiffs in a related action, captioned *O'Brien v. Ed Donnelly, Inc.,* Case No. C2-04-085 ("*O'Brien*"). That action was also brought on behalf of the plaintiffs by the Ferron & Associates law firm.

On November 8, 2004, *O'Brien* was conditionally certified as a collective action under § 216(b) of the FLSA. At the conclusion of discovery, ten *O'Brien* plaintiffs remained, including the two named plaintiffs and eight opt-in plaintiffs. After extensive discovery, the Court decertified *O'Brien* as a collective action based upon the Court's finding that plaintiffs did meet their burden to prove that the plaintiffs were similarly situated. On March 22, 2007, after the *O'Brien* action was decertified as a collective action, Plaintiffs' counsel filed this lawsuit on behalf of six of the former opt-in plaintiffs. (Doc. 2). On April 11, 2007, Defendants filed their Answer to the Complaint (Doc. 4).

On May 24, 2007, Defendants served a Rule 68 Offer of Judgment to Plaintiffs. Though Defendants dispute whether Plaintiffs are actually owed any wages, Defendants assert that the Offer of Judgment was made to end additional spending of attorneys' fees and Court resources. The offer of judgment contained an offer satisfying all of the relief Plaintiffs sought in Counts

One and Two of their Complaint.  Plaintiffs rejected the offer, and Defendants subsequently filed a motion to dismiss and for summary judgment (Doc. 12).  The Court granted Defendants' motion for summary judgment with respect to Count Three of the Complaint and granted Defendants' motion to dismiss with respect to Counts One and Two of the Complaint, holding that the Rule 68 offer of judgment effectively moots the case.  Judgment was entered in favor of Plaintiffs in accordance with Defendants' May 24, 2007 Rule 68 Offer of Judgment (Doc. 25).  This included an award of reasonable attorneys' fees and costs incurred in prosecuting Counts One and Two.  The parties were unable to stipulate to the amount of reasonable attorneys' fees.  Consequently, this matter is currently before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs.

The Plaintiffs request an award of fees in the amount of $155,171.50 and costs in the amount of $8,012.70.  The amount requested is challenged by Defendants.  For the reasons explained herein, Plaintiffs' motion is granted in part and denied in part, and fees and costs are awarded to Plaintiffs' counsel in the amount of $6024.94.

## II.  STANDARD OF REVIEW

Pursuant to § 216(b) of the FLSA, "the court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. § 216(b).  Defendants' May 24, 2007 Rule 68 Offer of Judgment offered an amount that provided the maximum statutory relief obtainable for Plaintiffs' FLSA claims, including an award of reasonable attorneys' fees.

The FLSA fails to set forth what constitutes a reasonable attorney's fee, thus "[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy

3

underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984).  "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins* 19 F.3d 1126, 1134 (6th Cir. 1994) (*quoting United Slate*, 732 F.2d at 502).  "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Fegley*, 19 F.3d at 1135 (*quoting United Slate*, 732 F.2d at 503).

The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433-4 (1983), indicated that "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This method is often referred to as the "lodestar" method, and in calculating the appropriate fee, the district court should exclude "excessive, redundant, or otherwise unnecessary" hours. *Id*. at 434.

The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  *See id*. at 437.  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. at 433.  The applicant is ethically obligated to exercise "billing judgment" with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id*.

### III.  ANALYSIS

The parties' submissions address two main areas of dispute.  First, the Defendants challenge any award of attorneys' fees for work performed in the *O'Brien* matter.  Second, the

Defendants contest any award of fees for work performed as to Count Three of the Complaint, arguing that the Plaintiffs' attorneys should only be awarded fees for issues on which the Plaintiffs prevailed, and Count Three's claim for liquidated damages under O.R.C. § 4113.15 was not one of those claims.

### A.     Fees and Costs Incurred in *O'Brien*

More than $150,000 of the $155,000 in fees and costs claimed by Plaintiffs were incurred in the *O'Brien* action. Plaintiffs argue that this Court should award the fees incurred in *O'Brien* because "most of the legal services necessary to prosecute Plaintiffs' claims in this case were rendered in connection with the *O'Brien* matter." (Pls. Mot. for Fees at 7). Relying on *Hensley*, Plaintiffs contend that the fees are recoverable because the asserted claims in both actions are the same and relate to a common core of facts.

Defendants counter that fees incurred in *O'Brien* should not be rewarded because the FLSA statute authorizing an award of attorneys' fees in FLSA actions, 29 U.S.C. § 216(b), speaks in terms of fees and costs of "the action," and thus does not authorize a court to award fees in a separate, unsuccessful action. (Defs.' Memo. in Opp. at 12). The Court agrees and notes that Plaintiffs have failed to cite to a single authority that supports awarding as fees in this case those that were incurred in litigating another action in which neither the plaintiffs in that case nor the named *O'Brien* plaintiffs prevailed.

Defendants further argue that including the *O'Brien* fees is unwarranted because the *O'Brien* plaintiffs were unsuccessful, and only a small fraction of the *O'Brien* fees claimed by Plaintiffs bear any relationship to the claims upon which the Plaintiffs in this action can be considered to have prevailed. (Defs.' Memo. in Opp. at 2). Again, this Court agrees with Defendants.

As set forth above, Plaintiffs' counsel is ethically obligated to exercise "billing judgment" to exclude from a fee application any hours that were not reasonably expended on the clients' claim. *Hensley,* 461 U.S. at 433. Plaintiffs' counsel, John W. Ferron, in paragraph 10 of his affidavit, states as follows:

> 10. I have carefully reviewed the attached invoices, deleted or adjusted any inappropriate charges, and verified that all of the remaining charges appearing in the statements accurately reflect the legal services necessarily devoted to the pursuit of Plaintiffs' First and Second Causes of Action for unpaid minimum and overtime wages, and any related out-of-pocket costs advanced.

Despite this representation, it appears that the *O'Brien* Invoice attached to Plaintiffs' Motion reflects no adjustments for inappropriate charges. Instead, it is rife with examples of entries that are not even arguably related to the FLSA claims for these six Plaintiffs.

For example, most of the hours expended in *O'Brien* were expended in connection with class certification and other class issues. These six Plaintiffs did not benefit from this activity, and thus, the fee award should not include time spent on these issues. *See e.g.*, *Gradisher v. Check Enforcement Unit, Inc.,* 2003 WL 187416, at *7 (W.D. Mich. 2003). In addition, Plaintiffs' counsel also spent time litigating the merits of the state-law fraud claim, a claim that was not alleged or re-filed in this action. Further, significant time was also spent in *O'Brien* litigating issues relating to the thirty-two plaintiffs who are not part of this action.[1] Finally, Plaintiffs' fee application even seeks to recover for the summary judgment briefing that occurred *after* the opt-in plaintiffs had been dismissed from the *O'Brien* action. Such a request is simply

---

[1] Moreover, Plaintiffs seek to recover "Deposition Costs for reporter attendance of Gwinner and Williard depositions." (*O'Brien*). No one by the name of Gwinner or Williard was deposed in *O'Brien* or this case.

6

unreasonable.

It is clear to this Court that contrary to Mr. Ferron's averments, no meaningful review, no deletion of inappropriate charges, and no billing judgment was exercised in the preparation of the fee application.  In addition, Plaintiffs have failed to meet their burden of presenting this Court with time records of sufficient detail to afford the Court a reasonable manner for determining how much time was spent on tasks in the *O'Brien* matter that contributed to the success of the six Plaintiffs in this action.  Instead, the vast majority of the entries contain descriptions that aggregate tasks—often tasks relating to different plaintiffs who are not plaintiffs in this action—in one entry.  Though the names of the six Plaintiffs in this action do sporadically appear in the *O'Brien* Invoice, there is not a single entry in which it is clear that all the time associated with that entry was spent in furtherance of claims of one or more of the Plaintiffs in this case.

Due to Plaintiffs' counsel's lack of billing judgment and inadequate documentation of hours, it is difficult for this Court to determine how much time was spent on tasks in the *O'Brien* matter that were necessary, not redundant, and contributory to the success of the six Plaintiffs in this action.  In this action, Defendants' May 24, 2007 Rule 68 Offer of Judgment came shortly after the Complaint was filed and before any discovery ensued.  To file the Complaint, it would have been necessary for Plaintiffs' counsel to have interviewed the six Plaintiffs, an undertaking that presumably occurred in *O'Brien*.  The Court has reviewed the *O'Brien* invoices and is unable to determine which entries relate to the interviews of the Plaintiffs in this case.  The invoice submitted by Plaintiffs' counsel in this case, however, demonstrates that Plaintiffs' counsel incurred over $5000 in attorneys fees to file the Complaint, including entries for review of the *O'Brien* file and conferences/correspondence with Plaintiffs.  If independent interviews

were conducted in this case, the eight to twelve hours Plaintiffs' counsel spent reviewing the *O'Brien* file and conferencing Plaintiffs would have been unnecessary and redundant.  Thus, the Court concludes that the proper award is the amount invoiced in this case by Plaintiffs' counsel for its FLSA claims.

The Sixth Circuit has described a reasonable attorney fee as "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000) (citations omitted).  The Court finds that awarding the amount invoiced by Plaintiffs' counsel in this case—$6,024.94, including attorneys fees of $5,614.50 and $410.44 for costs—fits within this description and furthers the FLSA's attorney fee provisions's purpose to insure effective access to the judicial process.

Having determined that the fees incurred in *O'Brien* are not recoverable, the Court finds it unnecessary to address Defendants' arguments that the hourly rates charged in *O'Brien* are not reasonable. (*See* Defs.' Memo. in Opp. at 18).

**B.     Work Performed Relating to Count III of the Amended Complaint**

Defendants ask this Court to exclude from any fee award work performed in pursuit of Plaintiffs' unsuccessful Ohio Prompt Payment Act ("PPA") claim asserted in Count Three of the Amended Complaint. (Defs. Memo. in Opp. at 5-11).  Defendants argue that the fees incurred should not be included because the claim is unrelated, was unsuccessful, and because Ohio's Prompt Payment Act does not contain any provision authorizing an award of attorneys' fees. *Id*.

Plaintiffs, however, have not sought to recover fees relating to the pursuit of the PPA claim asserted in Count Three.  (*See* Pls.'s Mot. for Fees at 7 and Ferron Aff. ¶ 10).  And, the

invoice attached by Plaintiffs' counsel for this matter does not appear to contain entries relating to Count Three. (*See* Doc. 26-6).

Accordingly, the $6,024.94 award of fees and costs that Plaintiffs' counsel seek to recover in this matter will not be further reduced.

### IV.  CONCLUSION

For all of the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for an Award of Attorneys' Fees and Costs (Doc. 26).

 Plaintiffs are awarded $5,614.50 for their attorneys' fees and $410.44 for their costs for a total of $6,024.94.

The Clerk shall remove this case from the Court's pending cases list.

The Clerk shall remove Document 26 from the Court's pending motions list.

**IT IS SO ORDERED.**


  **/s/ George C. Smith**
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

9