UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Jessica Dellarussiani,** *et al.***,**

    **Plaintiffs,**

v.

    **Case No.:  2:07-CV-00253**
    **JUDGE SMITH**
    **Magistrate Judge Abel**

**Ed Donnelly Enterprises, Inc.,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Supplemental Application for Attorneys' Fees and Costs (Doc. 34).  Defendants have responded and this matter is now ripe for review.  For the reasons that follow, Plaintiffs' Motion is **GRANTED IN PART, DENIED IN PART**.

### I.  BACKGROUND

Plaintiffs Jessica Dellarussiani, Derrick Kinchen, Chad Larson, Jill Puff, Debbie Brunke, and Nathan Buscher (collectively "Plaintiffs") are former employees of two McDonald's facilities in Bellefontaine.  Defendants Ed Donnelly and Ed Donnelly Enterprises, Inc. ("Defendants") owned and operated the at-issue McDonald's facilities.  Plaintiffs initiated this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and state law claims under Ohio Revised Code Chapters 4111 and 4113, alleging that while working for Defendants, they were not paid all of the regular wages and overtime pay they were due under federal and

Ohio law.[1]

On May 24, 2007, shortly after Plaintiffs filed their Complaint, Defendants served an Offer of Judgment, which contained an offer satisfying all of the relief Plaintiffs sought in their Complaint. Upon Plaintiffs' rejection of the offer, Defendants filed a motion to dismiss and for summary judgment. The Court granted Defendants' motion for summary judgment with respect to Count Three of the Complaint and granted Defendants' motion to dismiss with respect to Counts One and Two of the Complaint, holding that the Rule 68 Offer of Judgment effectively moots the case. Judgment was entered in favor of Plaintiffs in accordance with Defendants' May 24, 2007 Rule 68 Offer of Judgment (Doc. 25). This included an award of attorneys' fees and costs incurred in prosecuting Counts One and Two. The parties were unable to stipulate to the amount of reasonable attorneys' fees. Plaintiffs then filed a motion for attorneys' fees and costs, seeking an award of fees in the amount of $155,171.50 and costs in the amount of $8,012.70. Defendants challenged Plaintiffs' Motion. The Court issued an Opinion and Order granting in part and denying in part Plaintiffs' Motion for Attorneys' Fees and Costs, awarding Plaintiffs a total of $6,024.94 for attorneys' fees and costs (Doc. 28).

Plaintiffs filed a notice of appeal on February 12, 2008. On August 5, 2009, the Sixth Circuit affirmed in part and reversed in part and remanded for further proceedings consistent with

---

[1] Plaintiffs originally opted in as plaintiffs in a related action, *O'Brien v. Ed Donnelly, Inc.,* Case No. 2:04-cv-085 ("*O'Brien*"), also brought by Plaintiffs' attorneys, the Ferron & Associates law firm. On November 8, 2004, *O'Brien* was conditionally certified as a collective action under § 216(b) of the FLSA. At the conclusion of discovery, ten *O'Brien* plaintiffs remained, including the two named plaintiffs and eight opt-in plaintiffs. After extensive discovery, the Court decertified *O'Brien* as a collective action based upon the Court's finding that plaintiffs did meet their burden to prove that the plaintiffs were similarly situated. On March 22, 2007, after the *O'Brien* action was decertified as a collective action, Plaintiffs' counsel filed this lawsuit on behalf of six of the former opt-in plaintiffs (Doc. 2).

2

their opinion. *See O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567 (6th Cir. 2009). The mandate followed on September 2, 2009. Plaintiffs have now filed a supplemental application for attorneys' fees and costs based on the Sixth Circuit Opinion.

## II. STANDARD OF REVIEW

Pursuant to § 216(b) of the FLSA, "the court . . . shall, in addition to any judgment awarded to the . . . plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *See* 29 U.S.C. § 216(b). Defendants' May 24, 2007 Rule 68 Offer of Judgment offered an amount that provided the maximum statutory relief obtainable for Plaintiffs' FLSA claims, including an award of reasonable attorneys' fees.

The FLSA fails to set forth what constitutes a reasonable attorney's fee, thus "[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). "The purpose of the FLSA attorney fees provision is 'to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances.'" *Fegley v. Higgins* 19 F.3d 1126, 1134 (6th Cir. 1994) (*quoting United Slate*, 732 F.2d at 502). "Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees [in a FLSA case] 'encourage[s] the vindication of congressionally identified policies and rights.'" *Fegley*, 19 F.3d at 1135 (*quoting United Slate*, 732 F.2d at 503).

3

The Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433-4 (1983), indicated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This method is often referred to as the "lodestar" method, and in calculating the appropriate fee, the district court should exclude "excessive, redundant, or otherwise unnecessary" hours. *Id*. at 434.

The applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *See id*. at 437. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. at 433. The applicant is ethically obligated to exercise "billing judgment" with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id*.

### III. ANALYSIS

This matter is back before the Court only on the issue of attorneys' fees and costs. The Sixth Circuit, in its August 5, 2009 Opinion affirmed this Court's disposition of all the issues raised by Plaintiffs on appeal except the award of attorneys' fees. The Sixth Circuit affirmed this Court's entry of judgment in accordance with the Defendants' Rule 68 Offer of Judgment; affirmed the dismissal of Counts I and II for mootness in view of the Offer of Judgment; and affirmed granting summary judgment to Defendants on Count III of Plaintiffs' Complaint. The Court will now consider Plaintiffs' Supplemental Application for Attorneys' Fees and Costs in light of the Sixth Circuit decision.

The Sixth Circuit held that this Court erred in failing to award Plaintiffs any attorneys fees incurred while proceeding in the *O'Brien* action because the Plaintiffs did not prevail in *O'Brien*.

This Court relied on the FLSA statute authorizing an award of attorneys' fees in FLSA actions, 29 U.S.C. § 216(b), which provides for fees and costs only in "the action" where a plaintiff prevails. The Sixth Circuit stated that "such a wooden reading of the statute is unnecessary." *O'Brien*, 575 F.3d at 576. The Sixth Circuit continued:

> The reality is that discovery concerning the *Dellarussiani* plaintiffs' claims took place in *O'Brien*. Expenses that plaintiffs' counsel incurred while trying to obtain collective-action certification in *O'Brien* should not be attributed to prosecution of the *Dellarussiani* plaintiffs' particular claims, unless these expenses benefitted the *Dellarussiani* plaintiffs' individual claims. For instance, fees for depositions in *O'Brien* that uncovered the facts surrounding the *Dellarussiani* plaintiffs' claims, even if the depositions were conducted as part of the *O'Brien* plaintiffs' effort to obtain collective-action certification, should not be rejected on the basis of the FLSA.

*Id.*

The Sixth Circuit, however, left the amount of attorneys fees to be determined by this Court on remand, recognizing the "inadequacy and perhaps even the impropriety in the billing records that plaintiffs' counsel had originally presented to the district court." *Id.* The Sixth Circuit continued:

> . . . The plaintiffs can have one more opportunity to present records that reflect fees incurred in pursuit of and which benefitted the *Dellarussiani* plaintiffs' claims on which they prevailed pursuant to the Rule 68 offers that included reasonable attorney fees.
>
>     Plaintiffs are advised, however, that *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) does not entitle them to the entirety of their fees incurred in *O'Brien*. As we explained in *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 554-55 (6th Cir. 2008), *Hensley* held that a prevailing plaintiff's lodestar amount -- that is, the hours expended multiplied by the hourly billing rate -- cannot be reduced for lack of overall success if some claims were successful and others were unsuccessful, when all of those claims "are based on a common core of facts or are based on related legal theories." *Imwalle*, 515 F.3d at 554. *Hensley* does not mean that all of the fees in *O'Brien* can be recouped, even if arguendo the claims of all of the *O'Brien* plaintiffs, including those who splintered off to *Dellarussiani*, were based on a "common core of

5

facts."

> Addressing some of defendants' concerns, we note that, absent a specific showing of benefit to the *Dellarussiani* plaintiffs, fees cannot be recovered for expenses incurred for the claims of *O'Brien* plaintiffs who did not file suit in *Dellarussiani*, nor for the claims of the lead plaintiffs in *O'Brien* who remained after the collective action was decertified.

*Id.* at 576-77.

Plaintiffs now request attorneys' fees and costs expended in each of the following categories: (1) work in the *O'Brien* matter; (2) the appeal of this Court's January 18, 2008 Opinion and Order; and (3) proceeding with this case on remand. The Court will address each in turn.

As a preliminary matter, Plaintiffs have requested an evidentiary hearing. Plaintiffs also request that if an evidentiary hearing is held, that they be permitted to supplement their application for attorneys fees and costs to include those incurred in preparing for and during the hearing. Defendants respond, and the Court agrees, that no evidentiary hearing is warranted. The United States Supreme Court stated in *Hensley* that the resolution of a motion for attorneys' fees should not become a "second major litigation" itself. 461 U.S. at 437. The Sixth Circuit has held that district courts have substantial discretion in determining whether to conduct an evidentiary hearing on attorneys' fees motions. *See Building Services Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1401-02 (6th Cir. 1995).

The parties have fully briefed the issue of attorneys' fees twice. The same invoice is back before the Court after being remanded by the Sixth Circuit, however, nowhere in the Sixth Circuit opinion did it suggest that the Court should have held or should hold an evidentiary hearing on this issue. Accordingly, the Court denies Plaintiffs' request for an evidentiary hearing and finds

that there is sufficient information on the briefs to render a decision.

**A.      The *O'Brien* Matter**

Plaintiffs seek attorneys' fees and costs incurred in the *O'Brien* matter which benefitted Plaintiffs in the prosecution of this case.  Plaintiffs assert that most of the legal services necessary to prosecute this case were rendered in the *O'Brien* matter, including legal research, interviewing witnesses, drafting legal memoranda, conducting extensive discovery, and computing Plaintiffs' damages.  Plaintiffs are seeking an award of $84,819.00 in reasonable attorneys' fees and $7,362.73 in out-of-pocket expenses, which were incurred in the *O'Brien* matter, but which they argue directly benefitted the Plaintiffs in the prosecution of this case.

Plaintiffs have submitted the same invoice (hereinafter "Invoice") submitted with their original motion for attorneys' fees, seeking $137,525.50 in attorneys' fees and $7,362.73 in costs for a total of $144,888.23.  Plaintiffs' counsel represents that he "has carefully reviewed the attached Invoice to determine which fees incurred and costs advanced in the *O'Brien* matter are recoverable in this case. . ..  In conducting this review, Plaintiffs' counsel prepared the chart attached hereto (Attachment 3) which analyzes each individual time and expense entry on the attached Invoice, specifies those fees and expenses that directly benefitted Plaintiffs in this case, and explains why the fee or expenses benefitted Plaintiffs in this case."  (Pl.'s Mot. at 10). Plaintiffs then proceed to give three specific examples of charges and how they benefitted in the prosecution of this case.  (*Id.* at 10-11).  But, Plaintiffs' counsel has not amended the actual Invoice to include only those time entries that directly benefit the *Dellarussiani* Plaintiffs.  Rather, Plaintiffs' counsel has created a 124-page Index (hereinafter "Index") that is derived from the original Invoice.  It essentially cuts a few lines from the Invoice and randomly discounts a few

7

entries, but still includes numerous entries that do not even remotely benefit the *Dellarussiani* Plaintiffs.

Defendants counter that Plaintiffs should not be awarded any attorneys' fees incurred in the *O'Brien* matter because Plaintiffs have not demonstrated how the fees submitted on the same Invoice specifically benefit the *Dellarussiani* Plaintiffs as instructed by the Sixth Circuit. Defendants argue that Plaintiffs' attempt the cure the deficiency by supplementing the defective Invoice with the 124-page Index is further argument, but not evidence.  Defendants argue "[i]t is merely derivative of the underlying time entries, so it is still the case that 'there is not a single entry in which it is clear that all the time associated with that entry was spent in furtherance of claims' of the *Dellarussiani* Plaintiffs."  (Defs.' Memo. at 8).

The Court acknowledges Defendants' argument with respect to the Index prepared by Plaintiffs' counsel.  The Court agrees that this is most likely not what the Sixth Circuit envisioned when it suggested that Plaintiff can have "one more opportunity to present records that reflect fees incurred in pursuit of and which benefitted the *Dellarussiani* plaintiffs' claims on which they prevailed[.]" *O'Brien*, 575 F.3d at 576.  Plaintiffs' counsel, however, were given only one more opportunity by the Sixth Circuit, and their lack of clarification is to their detriment.  The Court, nonetheless, will consider the Invoice, in conjunction with the Index.  The Court remains concerned that the vast majority of the entries contain descriptions that aggregate tasks–often tasks relating to different plaintiffs who are not plaintiffs in this action—in one entry.  Though the names of the six Plaintiffs in this action do sporadically appear in the *O'Brien* Invoice, there is not a single entry in which it is clear that all the time associated with that entry was spent in furtherance of claims of one or more of the Plaintiffs in this case.  The Index does not further

8

clarify this, but rather is just derivative of what appears on the Invoice.  The Court is therefore unable to determine the exact amount of attorneys' fees that benefitted the *Dellarussiani* Plaintiffs as instructed by the Sixth Circuit.  Attorneys' fees and costs will not be awarded if the work did not benefit those six *Dellarussiani* Plaintiffs.  *See e.g.*, *Gradisher v. Check Enforcement Unit, Inc.,* 2003 WL 187416, at *7 (W.D. Mich. 2003).  The Court must assume that the general descriptions on the Invoice were for all 38 original *O'Brien* plaintiffs.  Considering that the *Dellarussiani* Plaintiffs constitute 6 of the total 38 plaintiffs, the Court will order a proportionality award of attorneys' fees.

Defendants do not object to the hourly rates claimed for any of the Plaintiffs' attorneys.  Therefore, the next step of the Lodestar calculation is to determine the number of hours reasonably expended on the litigation.  Defendants object to all the hours sought by Plaintiffs.  Defendants argue that it would not be practical to identify each and every deficiency in each and every entry in the *O'Brien* Invoice, and instead illustrate the deficiencies through three representative examples: (1) time claimed for matters not specifically related to the success of the *Dellarussaiani* Plaintiffs; (2) block-billed time entries without any evidence regarding what portions of those entries relate to the *Dellarussiani* Plaintiffs' claims; and (3) the fees claimed are unreasonable to Plaintiffs' success.  The Court agrees that it is not practical to evaluate the Invoice line by line and will address Defendants' arguments with respect to each of these three categories.

    *1.     Non-specific Time Entries*

Defendants argue that there are several entries that are for purported conferences, correspondence, etc., but have no further description.  Several entries appear to have been

9

redacted based on attorney client privilege, and Plaintiffs' counsel has attempted to explain them in the Index.  Plaintiffs' counsel has given a generic statement that the work performed benefits the *Dellarussiani* Plaintiffs, but does not even describe what was actually done.  The Court finds that such entries are inadequate.  *See United Slate*, 732 F.2d at 502 (time descriptions "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.").  However, to be completely thorough, the Court finds that at the very least, these entries apply to all the *O'Brien* Plaintiffs, including the *Dellarussiani* Plaintiffs, and accordingly, only a portion of the fees sought will be awarded.

Defendants also argue that Plaintiffs have claimed time spent on the collective-action certification and it should be excluded.  Defendants assert that "there is no showing that these time entries (or any entries relating to the collective-action certification issues) benefitted the individual claims of these six plaintiffs."  (Defs.' Memo. at 10).  Plaintiffs argue that such time is recoverable because it "relates to Plaintiffs' counsels' efforts to notify putative Plaintiffs of the *O'Brien* matter, which benefitted the Plaintiffs in the *Dellarussiani* matter by apprising them of their legal rights and claims.  While the Court agrees that it is important that the Plaintiffs were made aware of their rights, not the entire effort expended by Plaintiffs' counsel benefitted the *Dellarussiani* Plaintiffs and the time should be reduced accordingly.  Plaintiffs' counsel will only be awarded the proportionate amount of the total attorneys' fees for the six Plaintiffs in this case.

Defendants also argue that Plaintiffs seek to recover time spent on unsuccessful motions, such as a Motion for Order Regarding Preservation of Evidence and a Motion for Summary Judgment.  The Court agrees that since these motions were unsuccessful, such time is excluded.

10

Further, the Motion for Summary Judgment only pertained to the claims of O'Brien and Prater, none of the *Dellarussiani* Plaintiffs. Many of these entries have been deducted by Plaintiffs' counsel in the Index.

Defendants also argue that time spent in *O'Brien* on scheduling matters should be excluded. Defendants assert that "[n]o reasonable nexus is given, nor can such a connection be made, between scheduling matters in *O'Brien* and the *Dellarussiani* Plaintiffs' claims in this action." (Defs.' Memo. at 11). The Court, however, finds that some scheduling matters that relate directly to the *Dellarussiani* Plaintiffs should be included, e.g. scheduling conferences with them, or scheduling the depositions. Again, because the Court cannot make this determination based on the Invoice and the Index, a basic proportion of the total fees sought will be awarded.

Defendants also challenge Plaintiffs' time entries for discovery matters because a vast majority of them do not even mention any of the *Dellarussiani* Plaintiffs. Defendants further argue that while depositions were taken in the *O'Brien* case, they played no role in the disposition of the FLSA claims in this case. Plaintiffs assert in support of their fee request on each of the discovery entries that "[t]he fees related to Plaintiffs' responses to Defendants' discovery requests benefitted Plaintiffs herein because their discovery responses were used in various pleadings filed with the Court during the successful prosecution of the Plaintiffs' claims in this matter." (Pls.' Index). This generic explanation, however, is not sufficient to justify an award of all fees incurred during the discovery process in *O'Brien*. The discovery requests were prepared for the benefit of all the plaintiffs and the discovery responses were prepared on behalf of each individual plaintiff. Again, because the entries do not specifically describe what type of discovery was being conducted and for whom, Plaintiffs' counsel is entitled to a proportionate amount of the total

11

attorneys' fees sought representing the work performed for the six Plaintiffs in this case.

Based on Defendants' arguments, the Court agrees that a reduction in the number of hours claimed by Plaintiffs' counsel must be made. The Court has reviewed the Invoice in conjunction with the Index, and finds that it is still too difficult to reasonably calculate the attorneys' fees. In similar cases where an hourly approach is unworkable, courts have applied a percentage reduction based on the number of unsuccessful claims. *See, e.g. Reed v. Country Miss*, 1995 U.S. App. LEXIS 14498 (6th Cir. 1995) (reducing the attorneys' fee award by one-sixth); *see also Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 910 (6th Cir. 1991) (reducing fee award by fifty percent when plaintiff prevailed on only two of four claims).

The Court finds that Plaintiffs' Invoice lacks sufficient detail to review the reasonableness of the hours expended that benefit the *Dellarussiani* Plaintiffs. Further, the intermingling of the time entries, in combination with the lack of detail, make it impossible to distinguish the tasks within each entry that benefit the *Dellarussiani* Plaintiffs. Plaintiffs' counsel were given the opportunity on remand to clarify the time spent, which they have attempted to do with the Index. However, the Court does not find that particularly helpful. The Court appreciates that Plaintiffs' counsel has deleted a few entries as not benefitting the *Dellarussiani* Plaintiffs, but they have not nearly excluded enough. Rather than attempt to reduce portions of each entry based on the fact that some portion of that work may have benefitted the *Dellarussiani* Plaintiffs, the Court finds that a more appropriate approach is to award attorneys' fees based on the percentage of work done for just the *Dellarussiani* Plaintiffs out of the total amended fees sought. There were thirty-eight original plaintiffs in *O'Brien* (36 opt-in plaintiffs and two named plaintiffs). Most of the time entries, including those on the certification issues and the discovery, involved all of these

Plaintiffs. Approximately 16% of this work was spent on the six *Dellarussiani* Plaintiffs. Accordingly, Plaintiffs' counsel's attorneys' fees shall be reduced, and only 16% of the total attorneys' fees sought shall be awarded to allocate for the time spent on the six *Dellarussiani* Plaintiffs.

       2.      *Block-billed Time Entries*

Defendants point out that in some entries where the *Dellarussiani* Plaintiffs are mentioned, there is additional time spent on other issues that may not be have benefitted the *Dellarussiani* Plaintiffs. The Court agrees that these block-billed entries make it impossible to determine what amount of time was spent with respect to the *Dellarussiani* Plaintiffs. For example, on November 29, 2005, an entry by "LAW" contains eleven separate entries:

> Correspondence to Ms. Wagner-Puff; conference with Mr. Hines; correspondence to Mr. Dionne; conference with Mr. Wallace; email to Attorney Fuhrer regarding deposition of Mr. Wallace; conference with Mr. Wallace; correspondence to Mr. Wallace; attend depositions of pro se plaintiffs; prepare Plaintiff's Motion to Withdraw from Joey Hines; attention to filing of the same; correspondence to Mr. Hines.

(Invoice, Doc. 34-2 at 22). A total of 2.80 hours are claimed for the aforementioned, resulting in a total of $546.00 in claimed attorneys' fees. In the Index, Plaintiffs' counsel does reduce the amount by 0.80 hours, "inasmuch as the time entries relate to discovery responses by a plaintiff who withdrew from the O'Brien matter and was not named as a plaintiff in the *Dellarussiani* matter." (Index at 98). Plaintiffs' counsel, however, does not explain how this reduction is calculated. By the Court's review, only the first entry, correspondence to Ms. Wagner-Puff, benefits the *Dellarussiani* Plaintiffs. However, 2.0 hours of the total 2.80 could not possibly have been spent on that correspondence. The Court considered a line by line review, dividing the number of entries that benefitted the *Dellarussiani* Plaintiffs by the total number of entries in each

13

blocked entry. However, as discussed above, it is still difficult to even discern in each blocked entry which ones actually benefitted the *Dellarussiani* Plaintiffs as very few actually name one of the *Dellarussiani* Plaintiffs like the one above. Accordingly, the attorneys' fees shall be calculated on a proportionate basis as discussed above.

   3. *Fees Claimed Disproportionate to Plaintiffs' success*

Defendants argue that the fees claimed by Plaintiffs are completely out of proportion to the results actually achieved. Defendants assert that the Plaintiffs were only awarded damages of $6,142.20 in this case and only netted an additional $162.36 through this litigation. The *Hensley* Court held "that the extent of a plaintiff's success is a crucial factor that the district courts should consider carefully in determining the amount of fees to be awarded." 461 U.S. 424, 438. The Court is concerned with the disproportionate amount of fees sought by Plaintiffs' counsel in relation to the actual amounts awarded to Plaintiffs, however, this is just one factor that the Court will consider in evaluating Plaintiffs' total attorneys' fee award. The Court finds that a proportionate amount of total fees sought as discussed above will be more proportionate to Plaintiffs' success in this case.[2]

As the Court previously stated, it would have preferred to just subtract the number of

---

[2] The Court acknowledges that the Supreme Court has rejected the argument that attorneys' fees must always be proportionate to the size of a damage award. *See City of Riverside v. Rivera*, 477 U.S. 561 (1986) (holding that an award of $ 245,456.25 in attorneys' fees was not unreasonable merely because the plaintiffs only recovered $ 33,350.00 in damages). Nevertheless, "[w]hen an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437.

14

hours that did not benefit the *Dellarussiani* Plaintiffs or those that should have been excluded on other grounds, but this was impossible based on the non-specific nature of Plaintiffs' counsel's Invoice. Courts have reduced the total attorneys' fee award for other case-specific considerations, such as failure to secure certification of the case as a collective action under the FLSA. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *see also Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 151 (2nd Cir. 2008). The Court therefore finds that such an award is justified. 16% of the total attorneys' fees sought in the *O'Brien* matter more adequately reflects the overall effort expended by Plaintiffs' counsel in the *O'Brien* matter with respect to the six *Dellarussiani* Plaintiffs.

In conclusion of the consideration of the attorneys' fees sought in the *O'Brien* matter, the Court awards Plaintiffs' counsel a total of $13,571.04 in attorneys' fees. This amount is 16% of the total amount ($84,819.00) of attorneys' fees sought by Plaintiffs' counsel in the *O'Brien* matter, reflecting that 16% of the total work for all 38 plaintiffs benefitted the six *Dellarussiani* Plaintiffs.

The Sixth Circuit has described a reasonable attorney fee as "one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Secretary of Treasury,* 227 F.3d 343, 349 (6th Cir. 2000) (citations omitted). The award of $13,571.04 in attorneys' fees incurred in the *O'Brien* matter is reasonable, adequately compensatory, yet avoids producing a windfall for Plaintiffs' counsel.

**B.     Plaintiffs' Appeal of this Court's January 18, 2008 Order**

15

Plaintiffs seeks attorneys' fees and costs incurred during the appeal of this Court's January 18, 2008 Order. Plaintiffs seek a total of $11,430.18, incurred between February 7, 2008 and August 5, 2009. Plaintiffs assert that these fees and costs are properly recoverable under the FLSA, relying on *Young v. Cooper Cameron Corp.*, 2009 U.S. App. LEXIS 24787 at *18-19 (2nd Cir. Sept. 9, 2009) (*citing Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 948 (2nd Cir. 1959) ("Counsel for plaintiff is allowed an additional $150 for his services on appeal.")); and *Velez v. Vassallo*, 203 F.Supp.2d 312, 315 (S.D.N.Y. 2002) ("[P]revailing plaintiffs in FLSA cases are entitled to attorneys' fees for prosecuting or defending appeals.").

In *Young*, the Second Circuit held that "[t]he FLSA provides that a court 'shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" 2009 U.S. App. LEXIS at *18 (*citing* 29 U.S.C. § 216(b)). The *Young* court further stated that "Young's entitlement to fees and costs extends to this appeal." *Id.* Other courts have held that in FLSA cases on appeal, the appellate court has discretion to award attorneys' fees expended on an appeal. *See Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1557 (10th Cir.1988) (a case involving a claim under the Age Discrimination in Employment Act, which incorporates the remedial provisions of the FLSA, including section 216); *O'Donnell v. Georgia Osteopathic Hospital, Inc.*, 748 F.2d 1543, 1553 (11th Cir. 1984); *Cleverly v. Western Electric Co.*, 594 F.2d 638, 643 (8th Cir. 1979); *Montalvo v. Tower Life Building*, 426 F.2d 1135, 1150 (5th Cir. 1970); *see also Handler v. Thrasher*, 191 F.2d 120, 123 (10th Cir. 1951) (an FLSA case declining to award attorneys' fees expended on appeal in addition to the fees awarded by the trial court).

Defendants argue that contrary to Plaintiffs' assertions, they were not successful on

appeal. The Sixth Circuit upheld this Court's consideration of the Offer of Judgment and dismissal of Counts One, Two and Three. Thus, in terms of the FLSA related aspects of the appeal, Plaintiffs were not successful. The only issue upon which Plaintiffs were successful was obtaining a remand permitting them a second opportunity to submit an amended attorneys' fee application.

Defendants argue that Plaintiffs reliance on *Young* is misplaced. In *Young*, the employer appealed the district court decision in favor of the plaintiff. On appeal, the district court was affirmed but remanded for proper determination of the plaintiff's appellate fees and costs. It was defendant who appealed in *Young* and the plaintiff succeeded with respect to his substantive claims. In the case at bar, Defendants did not appeal and Plaintiffs' appeal on their substantive claims was unsuccessful.

The Court recognizes that a prevailing plaintiff has the right to attorneys' fees under statutes such as the FLSA, which extends to fees incurred defending an appeal and prosecuting a cross-appeal. However, the aforementioned cases do not address the specific issue before this Court. Plaintiffs are not prevailing parties with respect to the substantive claims raised on appeal. Plaintiffs were only successful in securing a remand of this case to allow them to supplement their application for attorneys' fees and costs to be more specific as to how the time spent benefitted the *Dellarussiani* Plaintiffs. Further, Plaintiffs have not cited any caselaw supporting a claim for attorneys' fees in a situation such as this. The Court does not find that this is the outcome of an appeal that justifies awarded attorneys' fees. Accordingly, Plaintiffs' request is **DENIED**.

**C.      Proceeding After Remand**

Plaintiffs seek an additional $7,093.97 in attorneys' fees and costs incurred in prosecuting

Plaintiffs' claims upon remand, including the filing of this Supplemental Application for Attorneys' Fees and Costs.

Defendants argue that Plaintiffs are not entitled to their attorneys' fees and costs for proceeding on remand because it would be fundamentally unfair to reward Plaintiffs' counsel for their own impropriety. Defendants assert that Plaintiffs' counsel only had to amend their application for fees and costs because the initial application was so inadequate. Further, Defendants argue that this Court previously ruled that Plaintiffs are not entitled to recover costs and fees after May 24, 2007, the date of the Offer of Judgment. (*See* Doc. 25). Plaintiffs did not appeal this ruling and Plaintiffs' request for fees associated with the appeal should be denied for the same reasons.

The Court agrees that Plaintiffs' counsel were not awarded their attorneys' fees associated with submitting their first application for attorneys' fees and costs, and there is no justification for why these fees should be awarded now. Presumably, if Plaintiffs' counsel had submitted an adequate application the first time, the Court could have just considered it following the remand. But because of the inadequacies of the original Invoice, Plaintiffs' counsel had to expend additional time amending their application and creating the Index. Plaintiffs' counsel should not be rewarded for supplementing the original application for attorneys' fees and costs that was inadequate when originally filed. Accordingly, Plaintiffs' request for attorneys' fees incurred during the proceedings after the remand is **DENIED**.

**D.     Plaintiffs' Request for Costs**

Plaintiffs request a total of $7,362.73 in costs incurred in proceeding in the *O'Brien*

matter. Plaintiffs, however, have provided no additional support for this claim other than the original Invoice. Defendants have not raised any additional arguments with respect to the costs other than the fact that Plaintiffs should not be awarded any additional attorneys' fees and costs.

The Court has reviewed Plaintiffs' Invoice for the costs, which include generic lists of parking, postage, copying, travel, office supplies, etc. None of these entries describe how these costs benefitted the *Dellarussiani* Plaintiffs, nor have Plaintiffs provided any further explanation such as in the briefing or the Index. The Court again cannot determine what specific costs should be awarded. Therefore, the Court will award Plaintiffs' counsel 16% of the total costs requested based on the same reasoning set forth above. Accordingly, Plaintiffs are awarded $1,178.04 in costs incurred in the *O'Brien* matter.

Plaintiffs also request a total of $1,095.65 in costs incurred during the appeal and proceeding on remand. While the Court has declined to award attorneys' fees incurred during this time, the Court finds that Plaintiffs should be entitled to their costs for this time as they were partially successful on appeal. Accordingly, Plaintiffs are awarded $1,095.65 in costs.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Supplemental Application for Attorneys' Fees and Costs (Doc. 34).

Plaintiffs are awarded $13,571.04 for their attorneys' fees in the *O'Brien* matter and $1,178.04 for their costs, as well as $1,095.65 for their costs incurred during the appeal and proceeding on remand in this case.  Plaintiffs' requests for attorneys' fees incurred on appeal and remand are denied.

The Court finds that the total award of attorneys' fees and costs, $20,691.63—$7,120.59 in this case, and $13,571.04 in the *O'Brien* matter—furthers the FLSA's attorney fee provisions' purpose to insure effective access to the judicial process.

The Clerk shall remove Document 34 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**